UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARL WAYNE HUMPHRIES, | § | |
| TDCJ No. 2192900, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-2100-B (BN) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, DENYING REQUESTS FOR EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL, <u>AND DENYING CERTIFICATE OF APPEALABILITY</u>**

*Pro se* petitioner Earl Wayne Humphries filed a petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 4, 2019. Doc. 3. On January 5, 2021, the United States Magistrate Judge issued his Findings, Conclusions, and Recommendation (FCR), recommending that Humphries's habeas petition be denied. Doc. 24. On January 22, 2021, Humphries filed a motion for an evidentiary hearing, as well as a motion for court-appointed counsel to represent him at said hearing. Doc. Nos. 26, 27. Pursuant to Court order, Humphries filed written objections to the FCR on February 26, 2021. Doc. 29. The Court initially adopted the FCR and issued a judgment denying the habeas petition. Doc. Nos. 31, 32. However, it later vacated the order adopting and judgment. Doc. No. 33.

The Court has further reviewed the FCR, *de novo*, in light of Humphries's objections. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, subject to the clarifications herein. The Court issues this revised order to

1

address Humphries's objections, which, as the Court understands them, generally fall into four categories: (1) objections related to Humphries's ineffective assistance of counsel claims, (2) objections related to the failure of the trial court to hold a hearing on Humphries's motion for a new trial, (3) objections related to attorney misconduct, and (4) objections related to the issue of whether this Court should hold an evidentiary hearing on the instant application pursuant to 28 U.S.C. 2254(e)(2).

### 1.   Ineffective Assistance of Counsel (IAC)—Grounds 1 and 2[1]

Humphries presents numerous IAC arguments, all of which the Magistrate Judge determined should be rejected. Humphries specifically objects to some of the Magistrate Judge's findings on this issue. Humphries argues that the state habeas court should not have relied upon the affidavit of his trial counsel, Richard K. Franklin, in rejecting his IAC claims. He claims that Franklin is biased and lied in his affidavit. For specific examples, he contests Franklin's statement that Humphries has a "condition known as vitiligio in which the skin loses its pigment cells," thus making it easy to identify him on video, as well as the assertion that Humphries was previously arrested for robbing a Wal-Mart. Doc. 29 at 19. As the Magistrate Judge correctly noted, though, the state court's reliance upon a trial counsel's affidavit is a credibility determination entitled to deference on federal court review. *See Trottie v. Stephens*, 720 F.3d 231, 243-44 (5th Cir. 2013) (holding a state habeas court's express reliance upon a trial counsel's affidavit to reject an ineffective assistance claim was a credibility determination to which the federal habeas court was required to give deference). To overcome this deference, a petitioner must present the court with clear and convincing evidence

---

[1]Initially, Humphries notes that the FCR incorrectly lists Roshanda Walker as an attorney for the defense, but she was actually a prosecutor. This error is immaterial to the Magistrate Judge's analysis and ultimate recommended disposition.

showing that the state habeas court's credibility finding is erroneous. *See Schiro v. Landrigan*, 550 U.S. 465, 473-74 (2007) ("AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'"). The Court agrees with the Magistrate Judge that Humphries has not made that showing here. It was therefore appropriate for the state habeas court to rely upon Franklin's affidavit when analyzing Humphries's IAC claims.

Next, Humphries challenges the Magistrate Judge's conclusion that Humphries failed to show that the state habeas court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984) regarding his contention that his counsel was absent from critical stages of the proceeding. Both the Supreme Court and the Fifth Circuit have recognized that the absence of counsel at critical stages of a defendant's trial undermines the fairness of the proceeding and therefore requires a presumption that the defendant was prejudiced by such deficiency. *See United States v. Cronic*, 466 U.S. 648, 659 (1984); *United States v. Russell*, 205 F.3d 768, 770-71 (5th Cir. 2000). But here, Humphries fails to demonstrate that his counsel was absent during critical stages of the proceeding. He alleges only in conclusory fashion that "twice petitioner was called out two weeks in a row for court but had not been informed by counsel of defense of any court date or dates." Doc. 29 at 15. As the Court is unable to determine whether these were critical stages of the proceeding in the constitutional sense, it cannot say that Humphries experienced any prejudice. The Court agrees with the Magistrate Judge that the state habeas court did not unreasonably apply *Strickland*—especially considering the doubly deferential standard applied to such claims on federal habeas review—to reject Humphries's absence-of-counsel IAC claims. *See Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017) ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential'

3

because we take a deferential look at counsel's performance through the deferential lens of § 2254(d).").

Similarly, as to the claim that Humphries's counsel failed to adequately communicate with him, the Court agrees that Humphries fails to show how he was prejudiced by any alleged lack of communication. The same is true to the extent Humphries is arguing that his counsel's allegedly brusque communication—for example, responding "why does it matter?" when asked questions about the plea agreement—warrants relief. The Court agrees with the Magistrate Judge that the state habeas court's rejection of this IAC claim was not an unreasonable application of *Strickland*, as Franklin's affidavit demonstrated ample communication regarding the plea process. And, at any rate, Humphries fails to demonstrate prejudice stemming from his counsel's communication or lack thereof.

Next, Humphries attacks the Magistrate Judge's conclusion that he failed to exhaust his IAC claims regarding irregularities in paper work at the trial court level. Specifically, Humphries claims in his federal habeas petition that his counsel failed to sign "contracts of agreement" and wrote two different state bar numbers. Doc. 3 at 6. Humphries also claims that he himself did not sign the plea agreement, nor did he check a box indicating that the defendant knowingly and voluntarily waives his right to appeal. *Id.* The Magistrate Judge found that Humphries raised these claims for the first time in his federal habeas application.

Initially, the Court clarifies that Humphries pleaded guilty to two counts of murder, so there were two state habeas petitions: one in cause number F17-75062-R and one in cause number F17-75667-R. Doc. Nos. 15-23, 15-29. As the Magistrate Judge observed, there are two different versions of the plea agreement in the record, and that is because one is from cause number F17-75062-R and

4

the other is from cause number F17-75667-R.

While Humphries did not specify what documents were deficient, he did claim in his state habeas petitions that his *attorney* "failed to complete certain documents or contracts." *See* Doc. 23-15 at 18; Doc. 15-29 at 19. And in cause number F17-75667-R, Humphries filed a response to the habeas court's order designating issues, in which he vaguely notes "incomplete and unsigned documents." Doc. 15-2 at 41. He also submitted a document to the state habeas court entitled "Applicant's Submission of Preponderance of Evidence," in which he states that "[a]ttorney never signed court documents," and "used two bar numbers." Doc. 15-29 at 43. Finally, Humphries also attached to his state habeas application a copy of (1) the trial court's certification of defendant's right to appeal, in which he wrote a note next to the signature block for his counsel that reads: "error 1: incomplete no address/bar nos do not match;" and (2) a copy of the plea agreement, in which a handwritten notation, captioned "error 2," notes that the document lacks his signature above his printed name. *Id.* at 46.

"Under § 2254(b)(1), a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest [state] court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citation omitted). "Rather, the federal habeas petitioner must have provided the state courts with a "'fair opportunity' to apply controlling legal principles to the facts bearing upon

5

his constitutional claim.'" *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citations omitted). And finally, "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document)…that does not alert it to the presence of a federal claim in order to find material…that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The Court agrees with the Magistrate Judge that Humphries failed to exhaust his claims concerning his failure to sign his plea agreement and to check a box indicating that he knowingly and voluntarily waived an appeal. Humphries complained only that his attorney failed to complete documents. And his handwritten notation on his plea agreement failed to "fairly present" the issue of whether his failure to sign his plea agreement in cause number F17-75667-R implicated his constitutional rights and, if so, in what way. His argument that he exhausted these claims because they were apparent from the record also fails to persuade because it is "not enough that all the facts necessary to support the federal claim" were before the state court. *Anderson*, 459 U.S. at 277. Humphries was tasked with giving the state court a chance to apply controlling legal principles to the pertinent facts, which he failed to do. Humphries failed to exhaust these claims, and he would be precluded from doing so now by Texas' abuse-of-the-writ doctrine. *See Nobles,* 127 F.3d at 422 (noting that the Texas abuse-of-the-writ doctrine generally precludes the filing of successive habeas petitions in the Texas state courts). A federal habeas court may grant relief on an unexhausted or procedurally defaulted claim only if the petitioner demonstrates cause for the default and actual prejudice arising from the default—or shows the failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 749-50; *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000). Because Humphries does not make that showing here, his claims related to the failure to sign the plea agreement and complete the "Trial Court's Certification of

6

Defendant's Right to Appeal" are procedurally barred.

As to the remaining claims—that his attorney failed to "sign contracts of agreement" and wrote two different bar numbers—these claims fail under a *de novo* review, even assuming without deciding that they were properly exhausted. Assuming Franklin wrote an incorrect bar number or address and failed to sign a contract, Humphries does not explain how this prejudiced him. He does not contend that, but for these errors he would not have pleaded guilty. *See Lafler v. Cooper*, 566 U.S. 156, 163 (2012) ("In the context of pleas a defendant must show the outcome of the plea process would have been different with different advice."). Further, as the Magistrate Judge noted, by pleading guilty, Humphries waived all non-jurisdictional defects in the prior proceedings except for challenges to involuntariness and ineffective assistance of counsel to the extent the "claimed [ineffective] assistance directly affected the validity of the waiver or the plea itself." *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002)).

Humphries does argue—for the first time in his objections— that his attorney's supposed failure to sign an unspecified document violates both Federal Rule of Civil Procedure 11 and Texas Rule of Appellate Procedure 9.1, each of which generally require attorneys to sign certain pleadings. However, Humphries failed to raise either of these arguments below, and they are procedurally barred from review here because Humphries fails to show cause from the default and actual prejudice from the same, or that the failure to consider them would result in a fundamental miscarriage of justice.

Next, Humphries continues to argue that his plea was involuntary due to his counsel's alleged threat to stick a pencil in his eye if he did not accept the State's plea offer. The Court has thoroughly

7

reviewed his arguments but finds that he presents nothing new in his objections that would upset the FCR on this issue. The state habeas court explicitly rejected this claim, crediting Franklin's testimony that such any threat would have been impossible to execute as they were, at all times, except in open court, separated by a wall and a window. Further, the habeas court also noted that Humphries was asked by the trial court during the plea hearing if the had been threatened or coerced into accepting the plea bargain, and he said that he had not. These are factual findings entitled to deference from this Court and may only be upset through clear and convincing evidence demonstrating their error. *See Waters v. Quarterman*, Civil Action No. H-05-3751, 2007 WL 7144641, at *2 (S.D. Tex. Jan. 8, 2007) (rejecting claim that guilty plea was involuntary based upon trial counsel's affidavit, which was a credibility determination subject to deference in the absence of clear and convincing evidence rebutting its correctness); *see also* 28 U.S.C. § 2254(e)(1); *Avalos v. Dexter*, No. EDCV 08-0674-DDP (JTL), 2009 WL 4049604, at *11 (C.D. Cal. Nov. 20, 2009) ("A state court's factual determination as to the voluntariness of a guilty plea is presumed to be correct.") (citing *Lambert v. Blodgett*, 393 F.3d 943, 976-77 (9th Cir. 2004)). And, importantly, the presumption of correctness afforded the factual findings of a state habeas court is "especially strong when the state habeas court and the trial court are one in the same"—which was the case here. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citing *Amos v. Scott*, 61 F.3d 333, 347 (5th Cir. 1995); *James v. Collins*, 987 F.2d 1116, 1122 (5th Cir. 1993) (in turn citing *Buxton v. Lynaugh*, 879 F.2d 140, 146 (5th Cir. 1989)).

The Court agrees with the Magistrate Judge that Humphries's IAC claims are without merit.

### 2. Failure of the State Trial Court to Hold a Hearing on Humphries's Motion for a New Trial—Ground 3

Humphries argues that his rights under the federal Due Process Clause, Compulsory Process

8

Clause, and Confrontation Clause were violated by the state trial court's failure to hold a hearing on his motion for a new trial. The Magistrate Judge found that Humphries failed to exhaust any federal claims related to the state court's failure to hold a hearing on his motion for a new trial and that they are procedurally barred from review. The Court agrees.

Here, as the Magistrate Judge found, Humphries never presented any federal claims to the state courts related to the lack of hearing on his state-court motion for a new trial. In his Petition for Discretionary Review ("PDR"), he argued that Texas Rule of Appellate Procedure 2 should be used to force the trial court to hold a hearing. The PDR contains no reference to federal authority. *See generally* Doc. No. 15-10. Nor does it reference the federal Due Process Clause, Compulsory Process Clause, or Confrontation Clause. *Id.* It failed to "fairly present" any federal claims to the TCCA. And the same is true for Humphries's state habeas petitions, which included only a brief, unexplained reference to a "due process violation," with no connection to the motion for a new trial. *See* Doc. No. 15-23, at 14-18; Doc. No. 15-29 at 15-29.

In response, Humphries appears to argue that the constitutional violations were evident from the record because it was apparent that he correctly and timely filed his motion for a new trial. But, as discussed above, to "fairly present" a claim for purposes of exhaustion, it is not enough "that all the facts necessary to support the federal claim were before the state court…" *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quoting *Anderson*, 459 U.S. at 6). Here, Humphries did not exhaust the federal constitutional claims related to the state court's failure to hold a hearing on his motion for a new trial, and he would be precluded from doing so now by Texas' abuse-of-the-writ doctrine. Humphries presents nothing in his objections demonstrating cause for the default and prejudice stemming from the same. Nor does he make the showing that the failure to consider the claims

9

stemming from the failure of the state trial court to hold a hearing on his motion for a new trial would result in a fundamental miscarriage of justice. Thus, the Magistrate Judge correctly found that his ground for relief related to the failure of the state trial court to hold a hearing on his motion for a new trial was procedurally barred.

### 3. Attorney Misconduct—Ground 4

Humphries also asserted a ground for relief based upon the misconduct of his attorney, Mr. Franklin, during the habeas proceeding—specifically his supposed perjury in the affidavit that he submitted to the state habeas court and his failure to release Humphries's case file. The Court has thoroughly reviewed Humphries's arguments related to these claims, but his arguments fail to persuade. The Court agrees with the Magistrate Judge that (1) Humphries failed to exhaust these claims and that they are now procedurally barred, and (2) Humphries's claims concerning his attorney's misconduct in the habeas proceeding are simply not cognizable in these federal habeas proceedings, as they complain of infirmaries in the state habeas proceedings. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) ("A long line of cases from our circuit dictates that 'infirmities in state habeas proceedings do not constitute grounds for relief in federal court.'") (quoting *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (further citations omitted)).

### 4. Evidentiary Hearing and Request for Appointment of Counsel

Humphries argues repeatedly throughout his objections that he is entitled to an evidentiary hearing under 28 U.S.C. § 2254(e)(2) because he has never received a hearing on his claims in the state proceedings. *See* Doc. 29 at 4, 5, 29. Humphries also filed a request for an evidentiary hearing. Doc. No. 26. However, "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170,

181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same as to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, to the extent that Humphries alleges non-defaulted claims under section 2254(d)(1) that were adjudicated on the merits in state court, he is not entitled to an evidentiary hearing. And to the extent that Humphries raises claims that were fairly presented to the state habeas court but not addressed by the same, upon review, the Court concludes that Humphries has failed to show entitlement to an evidentiary hearing under § 2254(e)(2). Thus, Humphries's Request for an Evidentiary Hearing (doc. 26) and Request for Appointment of Counsel to represent him at that hearing (doc. 27) are **DENIED**.

In sum, upon *de novo* review, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge subject to the clarifications in this order, and **DENIES** Humphries's Request for an Evidentiary Hearing (doc. 26) and Request for Appointment of Counsel (doc. 27).

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

>   (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability

11

But, if Petitioner does file a notice of appeal, he must either pay the appellate filing fee of $505.00 or move for leave to proceed *in forma pauperis* on appeal.

**SO ORDERED.**

**DATED: April 15, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.